IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARJORIE C. JENSEN and JERROLD S. JENSEN,<br><br>    Plaintiffs,<br><br>        vs.<br><br>RECONTRUST COMPANY, N.A. and BANK OF AMERICA HOME LOANS SERVICING, L.P.,<br><br>    Defendants. | ORDER<br><br><br>Case No. 2:09 CV 927 (TC) |

Plaintiffs Marjorie Jensen and Jerrold Jensen filed this action related to the foreclosure of their property in Utah state court.  Defendants Recontrust Company and Bank of America Home Loans Servicing removed the case to federal court.  Because the court concludes that it lacks subject matter jurisdiction, the case is remanded.

**BACKGROUND**

Plaintiffs Marjorie Jensen and Jerrold Jensen, who claim to be residents of Utah, filed this suit in Utah state court.  The suit generally challenges the ability of Defendants Recontrust Company and Bank of America Home Loans Servicing to be involved in real estate foreclosures in Utah.  (See Compl., 5-10, Docket No. 2.)  They argue Defendants failed to comply with various provisions of Utah law.  Plaintiffs claim damages in the amount of $50,000.  (Id., 10.))

Acting pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants removed the case to federal court.  Defendants claim that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) and 28 U.S.C. § 1331.

After reviewing Plaintiffs' Complaint, the court ordered Plaintiffs to show cause within 10 days why the court had subject matter jurisdiction.  (Order, Docket No. 9.)  Before Defendants responded to the order, Plaintiffs noted that Defendants had failed to respond and filed a motion to remand the case back to state court.  (Mot., Docket No. 10.)

Defendants filed their response on December 4, 2009.[1]  (Response, Docket No. 11.)  They argued subject matter jurisdiction existed because the Complaint involved the federal question of "whether a national bank authorized to act as trustee under federal law may operate within the State of Utah."  (Id., 2.)  Defendants further argued that diversity jurisdiction because the "object of the litigation" was to "stop [Defendant] Recontrust from conducting all business operations in the state of Utah."  (Id.)  Consequently, Defendants claimed that "the value of the object of the litigation" was more than $75,000.

## ANALYSIS

At every stage of the proceeding in every case, a federal district court must satisfy itself as to its own jurisdiction, even if doing so requires sua sponte action.  Citizens Concerned for Separation of Church & State v. City & County of Denver, 628 F.2d 1289 (10th Cir. 1980).  Federal courts have limited subject matter jurisdiction and are restricted to exercising it only

---

[1]When Plaintiffs' filed their Motion to Remand, they claimed that Defendants had failed to respond to the court's order.  Defendants filed their response fifteen calendar days after the order was docketed on November 19, 2009.  The court was closed for two of those days due to the Thanksgiving holiday.  Because it is not necessary, the court does not resolve any dispute regarding the timeliness of Defendants' response.

when specifically authorized.  Erwin Chemerinsky, <u>Federal Jurisdiction</u> 259 (4th ed. 2003).

Consistent with this principle, removal jurisdiction exists only if the "suit initially could have

been filed in federal court.  Generally, the plaintiff's complaint must present either a federal

question or diversity of citizenship must exist in order for a case to be removed to federal court."

<u>Id.</u> at 344.

Consistent with its responsibility as a court of limited jurisdiction, the court considers

whether subject matter jurisdiction exists in this case based on either of the grounds claimed by

Defendants.

First, Defendants allege subject matter jurisdiction exists based on § 1332 (a)(1).

Pursuant to Section 1332(a)(1), district courts have original jurisdiction over all civil actions

whether the among in controversy exceeds $75,000, exclusive of interest and costs, and is

between citizens of different states.  The Tenth Circuit explained in <u>Laughlin v. Kmart Corp.</u>, 50

F.3d 871 (10th Cir. 1995), as follows:

> The amount in controversy is ordinarily determined by the allegations of the
> complaint, or, where they are not dispositive, by the allegations in the notice of
> removal.  The burden is on the party requesting removal to set forth, in the notice of
> removal itself, the 'underlying facts supporting [the] assertion that the amount in
> controversy exceeds [$75,000].'  Moreover, there is a presumption against removal
> jurisdiction.

<u>Id.</u> at 873; <u>see also</u> <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 954 (10th Cir. 2008) ("[T]he

defendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it

possible that $75,000 was in play.").

Here, Defendants claim that diversity of citizenship exists and that the amount in

controversy is sufficient as "Plaintiffs not only seek monetary damages, but also seek as a

remedy to stop Recontrust from conducting all business in the state of Utah."  (Response, 2,

Docket No. 11.)  Although the parties do not seem to dispute that diversity of citizenship exists,

Plaintiffs only claim damages in the amount of $50,000, far less than the amount required for

diversity jurisdiction.  (Compl., 10, Docket No. 2.)

Defendants have failed to meet their burden as the party requesting removal.  Plaintiffs'

Complaint is very clear and alleges that the amount in controversy is $50,000.  Defendants fail to

present any other evidence in support of their unsubstantiated claim that the amount in

controversy actually exceeds $75,000.  Cf. Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d

1072, 1078 (10th Cir. 1999) (concluding plaintiff's deposition testimony regarding damages was

sufficient to establish the amount in controversy for diversity jurisdiction); Singer v. State Farm

Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (holding plaintiff's admission in open

court was sufficient to establish the amount in controversy for diversity jurisdiction).

Accordingly, the court concludes that subject matter jurisdiction does not exist based on diversity

grounds.

Second, Defendants contend that subject matter jurisdiction exists based on § 1331 as the

case implicates issues of federal law.  Section 1331 gives district courts "original jurisdictions of

all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C.

§ 1331.  "It is long settled law that a cause of action arises under federal law only when the

plaintiff's well-pleaded complaint raises issues of federal law."  Metropolitan Life Ins. Co. v.

Taylor, 481 U.S. 58, 63 (1987).

Defendants argue that this suit involves claims "that challenge Defendant Recontrust's

ability to act as a trustee as authorized by federal law."  (Defs.' Response, 2, Docket No. 11.)

But by making this argument, they misrepresent the nature of the Complaint.

Plaintiffs' Complaint pleads issues of exclusively Utah state law.  The first cause of

action challenges whether Recontrust is able to do business in Utah based on various provisions

of Utah law.  The second cause of action challenges whether Recontrust is a qualified trustee

based on various provisions of Utah law.  And the third cause of action challenges whether

Defendants have complied with provisions of Utah law in instituting foreclosure.  Accordingly,

there is no federal claim on which to base subject matter jurisdiction pursuant to § 1331.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is granted.  (Docket No. 10.)  The

case is remanded to the Third District Court for the State of Utah.

DATED this 16th day of December 2009.

BY THE COURT:

TENA CAMPBELL
Chief Judge